UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

THOMAS FAULLS,

    Plaintiff,

v.                                          Case No. 5:24-cv-205-TKW/MJF

A.T. DAVIS, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff's first amended complaint, the undersigned recommends that this action be dismissed as malicious, under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for Plaintiff's failure to disclose honestly and accurately his litigation history.

### I. BACKGROUND

Plaintiff is a prisoner currently confined at Marianna Federal Correctional Institution. His Bureau of Prisons inmate number is "11243-088." Doc. 5 at 1. On August 29, 2024, Plaintiff signed and submitted a civil rights complaint, which was received by the clerk of the court and docketed on September 9, 2024. Doc. 1. Because Plaintiff's complaint was not on the court-approved form, the undersigned ordered Plaintiff to file

an amended complaint. Doc. 4. The undersigned informed Plaintiff: **"If Plaintiff desires to proceed with this action, Plaintiff must file a first amended complaint on the form for use in the Northern District and label it as Plaintiff's 'Amended Complaint.' He must answer each question, including those about his litigation history, honestly and completely**." *Id.* at 2 (emphasis in original). The undersigned warned Plaintiff that "[a]n affirmative misrepresentation to the questions on the court-approved form likely will result in dismissal of this civil action." *Id.* at 2 n.1.

On September 22, 2024, Plaintiff filed his verified amended complaint. Doc. 5 at 12–13. As discussed in detail below, Plaintiff disregarded the undersigned's instructions to answer each question about his litigation history honestly and completely and affirmatively misrepresented his litigation history.

## II. DISCUSSION

### A. Screening Under the PLRA

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). "An action is malicious when a prisoner

misrepresents his litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021). This is true "regardless of whether the Plaintiff's response to the question was knowing or intentional." *Ballard v. Broling*, No. 22-12651, 2023 WL 6799147 at *1 (11th Cir. Oct. 16, 2023). Pursuant to the Prison Litigation Reform Act of 1995, federal courts are required to dismiss a prison's civil action when it is frivolous, is malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

**B.     Plaintiff's Disclosures**

Section VIII of the complaint form utilized by Plaintiff seeks information regarding Plaintiff's prior litigation. Doc. 5 at 8. The complaint form expressly warns "***Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***" *Id*. The complaint form asks three questions:

> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

> B. Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issues involved in this case?
>
> C. Have you file any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 9–10. Additionally, the complaint form instructs that if the plaintiff responded, "yes" to any of these questions, then the plaintiff must disclose all responsive cases. *Id.* at 9–12.

Plaintiff responded, "No" to Question A. *Id.* at 9 He did not disclose any cases. *Id.* Plaintiff responded, "Yes" to Question C. *Id.* at 11. He only disclosed that:

- In 2014, he filed in the United States Court of Appeals for the Fourth Circuit a direct appeal challenging his conviction;[1] and

- He filed a section 2254 motion challenging his conviction.[2]

---

[1] The undersigned determined this appears to be the appeal: *United States v. Thomas Faulls, Sr.*, 14-4595 (4th Cir.) (filed on July 30, 2014).

[2] Plaintiff did not disclose the date that this motion was filed, whether the motion was still pending, or the case number. When asked what court he filed his section 2255 motion, Plaintiff simply stated "4th." Based on these details, the undersigned assumes Plaintiff disclosed his second appeal to the Fourth Circuit: *United States v. Thomas Faulls, Sr.*, 23-4532 (4th Cir.) which was filed on August 21, 2023, and it remains pending before the Fourth Circuit.

*Id.* at 11.

Despite the undersigned's instruction to answer each question completely, Plaintiff did not answer question B. *Id.* at 10. At the end of the complaint, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with form, including my litigation history, is true and correct." *Id.* at 12–13. That is, Plaintiff asserts under the penalty of perjury that he only filed the two federal appeals identified above prior to commencing this civil action.

## C.  **Plaintiff's Omissions**

The undersigned takes judicial notice that when Plaintiff filed his complaint, Plaintiff failed to disclose that in the United States District Court for the Middle District of Florida he filed a civil rights lawsuit asserting that BOP officials failed to protect Plaintiff from other inmates. *Faulls v. USP McCreary, et al.*, No. 5:23-cv-21-BJD-PRL, Complaint, ECF No. 1 (M.D. Fla.) (filed on December 20, 2022). On April 7, 2023, the district court dismissed this civil action prior to service because Plaintiff failed to pay the filing fee. *Id.*, Order of Dismissal and Judgment, ECF Nos. 4 and 5. This civil action, therefore, was responsive to both

Questions A and C on the complaint form, and Plaintiff was required to disclose this case. Furthermore, this civil action is attributable to Plaintiff because it bears his BOP inmate number 11243-088.

Because Plaintiff failed to disclose this case in his complaint, Plaintiff violated his duty of candor to the District Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (noting that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant").

D. **The Materiality of Plaintiff's Omissions**

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and

hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, information regarding a plaintiff's litigation history assists district courts in determining the plaintiff's experience and familiarity with the legal terrain.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (per curiam); *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable

authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

The time that district courts are required to expend to verify the cases a plaintiff has filed but failed to identify can be considerable. This is especially true in this case where a plaintiff has filed a substantial number of cases. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. Plaintiff knew from reading the complaint form that he was required to disclose all prior cases that were dismissed prior to service and all prior cases that challenged the conditions of his confinement. Doc. 5 at 8–10. He also was aware that the penalty for failing to disclose his prior litigation history was dismissal. *Id.* at 8 ("***[F]ailure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***"); *cf.* Doc. 4 at 2 n.1.

There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and

easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions).

To the extent he could not remember fully his litigation history or was unsure whether to disclose this case, Plaintiff could have indicated that on the complaint. *See* Doc. 5 at 8 (advising litigants to err on the side of caution about disclosing cases); *see generally id*. at 11 (disclosing two cases despite not having all of the information). He did not. Rather, he affirmatively and falsely stated that he had **never** had a case dismissed prior to service and **never** filed a lawsuit challenging the conditions of his confinement.

E.  **The Appropriate Sanction is Dismissal Without Prejudice**

A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions

on the civil rights complaint form is conduct subject to sanctions by the court.").

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013). Federal courts cannot let false responses to go unpunished. Dismissal without prejudice is an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the District Court with true statements or responses. Because Plaintiff alleges that the misconduct occurred in June 2024, Florida's four-year statute of limitations likely would not preclude Plaintiff from refiling this action in the near future. *Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010).

## F.   No Lesser Sanction Would Suffice

No lesser sanction would suffice to deter plaintiff's conduct. For example, providing Plaintiff yet another opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (holding that district court did

not abuse its discretion by denying leave to amend the complaint so that the plaintiff could disclose lawsuits that should have been disclosed initially). Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this <u>1st</u> day of October, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**