UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

THOMAS FAULLS,
     Plaintiff,

v.                            Case No. 5:24cv205-TKW/MJF

A.T. DAVIS, et al.,
     Defendants.
_____/

## ORDER

    This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 8) and Plaintiff's objection (Doc. 9). Based on the Court's de novo review of the issues raised in the objection in accordance with 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court agrees with the magistrate judge's determination that this case should be dismissed as malicious and an abuse of the judicial process because of Plaintiff's failure to completely and honestly disclose his litigation history. *See Burrell v. Warden*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process.").

    The Court did not overlook Plaintiff's argument that he was not even aware of the existence of the Middle District of Florida case that he failed to disclose because another inmate filled out the complaint form in that case and the prison

never gave him any mail related to the case. However, that argument is unpersuasive because the signature on the complaint in the undisclosed case (which the Court takes judicial notice of) is nearly identical to the signature on the complaint in this case. Thus, even if another inmate filled out the complaint form, Plaintiff clearly had reason to believe the case existed because he signed the complaint. If, for whatever reason, Plaintiff did not retain any information about the case or ever get its case number, he could have (and should have) requested that information from the Clerk of the Middle District before he filed this suit. *See Torres v. Geo Goup, Inc.*, 2021 WL 75764, at *1 (N.D. Fla. Jan. 8, 2021) (rejecting prisoner's argument that his failure to disclose prior case should be excused because he simply forgot about the case and explaining that the prisoner "has an obligation to maintain information (or at least a list of case numbers) for all of his prior cases, and if he does not have that information, he can (and should) request it from the appropriate clerks' offices before filing a new case").

Accordingly, it is **ORDERED** that:

1.    The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2.    This case is **DISMISSED** without prejudice under 28 U.S.C. §§1915A(b)(1) and 1915(e)(2)(B)(i) as malicious and an abuse of the judicial process.

3.    The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE AND ORDERED** this 28th day of October, 2024.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**